32410. McKEE v. CARTLEDGE.

Decided July 12, 1949.

*Lansing B. Lee Jr., Congdon, Harper & Leonard,* for plaintiff.
*Thomas L. Hill,* for defendant.

MacIntyre, P. J. ■ Where in an action for breach of a written contract of purchase and sale of a certain "lot or parcel of land . . and improvements thereon . . consisting of 4-room frame dwelling now under construction . . house to be completed in full within 30 days or less from date of sale," it is alleged that, between the date of the execution of the writing on March 31, 1947, and June 6, 1947, the seller's (the defendant's) obligations under the written contract were further defined and interpreted by oral undertakings to furnish and install an electric water heater, to finish (sand, varnish, etc.) the floors, and to furnish an electric water pump, all of which came within the seller's obligation to furnish the plaintiff "a complete house in full," and it is further alleged that, relying upon the defendant's oral assurances that he (the defendant) would complete the unfinished house, the plaintiff moved into the house, paid the purchase-price and accepted a warranty deed, the plaintiff thereby fully performing his part of the contract, but both the plaintiff and the defendant well knowing that the contract was still incomplete, the petition is not subject to special demurrer as seeking to recover upon an oral agreement required by the statute of frauds to be in writing. "Improvements upon land, distinct from the title or possession, are not an *interest in land,* within the meaning of the statute. They are only another name for the work and labor bestowed on the land; and a parol promise to pay for work already done, or to be done upon land, never has been held to come within the statute." Lowers *v.* Winters, 7 Cowen (N. Y.) 263, 264. But a contract for the sale of *pos-*

*session* and *improvements* has been held to be within the statute because possession is considered an interest in the land. It is prima facie evidence of title, and the sale of the land with the improvements thereon is within the statute. Lowers *v*. Winters, supra; Howard *v*. Easton, 7 Johnson (N. Y.) 205; 1 Delvin On Real Estate, 63, § 43; Code, § 20-401 (4). The petition in this case, however, alleged that the purchase-money had been paid, the deed to and the possession of the land delivered. Under the provision of Code, § 20-402 (2), such allegations take the transaction out of the statute of frauds. The special demurrer is not meritorious.

■ "A contract involving the purchase and sale of land, that has been partly reduced to writing and partly rests in parol, does not meet the requirement of the statute [of frauds] and is incapable of enforcement. *Lester* v. *Heidt,* 86 *Ga.* 226 (12 S. E. 214, 10 L. R. A. 108); *Augusta Southern R. Co.* v. *Smith & Kilby Co.,* 106 *Ga.* 864 (33 S. E. 28); *Timmons* v. *Bostwick,* 141 *Ga.* 713 (82 S. E. 29); *Peacock* v. *Horne,* 159 *Ga.* 707 (126 S. E. 813); *Thompson* v. *Colonial Trust Co.,* 35 *Ga. App.* 12 (131 S. E. 921); *Jackson* v. *Strowger Automatic Telephone Exchange,* 108 *Ga.* 646 (34 S. E. 207)." *Stonecypher* v. *Georgia Power Co.,* 183 *Ga.* 498, 502 (189 S. E. 13). Such a contract is unenforceable, "unless the circumstances of the transaction bring it within the exceptions to the general rule set forth in the statute. These exceptions are three in number, and are enumerated under section 20-402 of the Code, as follows: (1) When the contract has been fully executed. (2) Where there has been performance on one side, accepted by the other, in accordance with the contract. (3) Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." *Stonecypher* v. *Georgia Power Co.,* supra. We have already held in division 1 of this opinion that the alleged contract came within the second exception in that the purchase-money had been paid and possession of the property delivered, and that this took the transaction out of the statute. Under the allegations of the petition, the contract sued upon is partly in writing and partly in parol, and being not within the statute of frauds, as we have said, is to be treated as any other contract without reference to the statute

of frauds. Code, § 20-704 (1), provides: "Parol evidence is inadmissible to add to, take from, or vary a written contract. All the attendant and surrounding circumstances may be proved, and if there is an ambiguity, latent or patent, it may be explained; so if a part of a contract only is reduced to writing . . and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible." One of the provisions of the written contract is, "house to be completed in full within 30 days or less from closing of sale." The petition alleges that the defendant's promises "to install the . . electric hot water heater and electric pump and to finish the . . . floors and walls were part of his [the defendant's] obligations under the . . written contract, for which plaintiff was to pay the . . purchase price, or consideration; and defendant's contract was thus to furnish plaintiff with a house complete with all the aforesaid parts and adjuncts." An ambiguity in a contract has been defined as "duplicity, indistinctness, uncertainty of meaning or expression." *Tarbutton* v. *Duggan,* 45 *Ga. App.* 31 (163 S. E. 298) ; *Novelty Hat Mfg. Co.* v. *Wiseberg,* 126 *Ga.* 800 (55 S. E. 923). The uncertainty of what is meant by "house to be completed in full," as used in the instant contract, clearly brings the contract within that definition of an ambiguous one. In these circumstances the parol agreements between the parties as to what was included within the meaning of a "house to be completed in full," made after the execution of the written contract, would be admissible in evidence to explain the ambiguity, and the allegations relating to such parol agreements were not subject to be stricken from the petition.

■ Even though the petition is construed most strongly against the pleader, as it must be on demurrer, and is viewed in the light of the allegations that the plaintiff accepted possession of the property and a warranty deed thereto, and even though we assume that the warranty deed was in the usual and customary form—the deed does not appear in the record—and contained no reference to the electric water heater, the pump, and the finishing of the floors and walls, the parol agreements with reference to such items were not merged in the deed. "Where, however, the deed constitutes only a part performance of the preceding contract, other distinct and unperformed provisions of the contract are not

merged in it." 18 C. J. 270, § 231; and see *Pierce* v. *Dennett*, 163 *Ga.* 471 (136 S. E. 440). In Smith *v.* Tennant, 20 Ont. 180, it is. said: "Where one contracts for a specified consideration to convey land at a future time, and *to do at a still later period* other acts for the benefit of the other contracting party, or where the contract is for a series of acts to be performed at successive periods (which, or some of which, are after the time for the execution of the conveyance), the prior contract is superseded only as to such of its provisions as are covered by the conveyance made pursuant to its terms; and that the agreement remains in full force as to all other provisions: See Jones *v.* Wood, 16 Penn. 25; Bull *v.* Willard, 9 Barb. 641; Witbeck *v.* Waine, 16 N. Y. 532, 535-6; Howes *v.* Barker, 3 John. 506; Williams *v.* Hathaway, 19 Peck 387; Thompson *v.* Christian, 28 Ala. 399; Bogart *v.* Burkhalter, 1 Denio 125; Cox *v.* Henry, 32 Penn. 18; Selden *v.* Williams, 9 Wall. 9." The contract was signed March 31, 1947, and under its terms the plaintiff purchaser was allowed thirty days (or until April 30, 1947) "to secure approval of G. I. loan," and thirty days were "allowed purchaser after approval of G. I. loan" (or until May 30, 1947) "for examination of title and preparation of papers." The sale was not, by its terms, as we construe them, to be closed until May 30, 1947. The contract provides further that the 4-room, frame dwelling was "to be completed within 30 days or less from closing of the sale." The plaintiff also alleged: "That at about the time the said purchase-price was paid, defendant executed and delivered to plaintiff a warranty deed to the premises, to wit, on June 4, 1947, which plaintiff accepted, both he and the defendant well knowing the contract was yet incomplete in the manner above specified, but relying upon defendant's assurances that he would carry out the aforesaid obligations of the said contract, and plaintiff and his wife thereafter, to wit, on or about June 6, 1947, moved in and went into possession of the said house and land." It is also alleged that the defendant on June 8, 1947 (after the delivery of the deed), installed an electric water pump which proved to be inadequate. It would seem from these circumstances that it was the intention of the parties that certain duties were to be performed by the defendant after the delivery of the possession of the property and the delivery of the deed; and the intention of

the parties being controlling and a question for the jury, the court erred in sustaining the demurrers to the petition.

*Judgment reversed. Gardner and Townsend, JJ., concur.*