39107.   KOLLEN v. HIGH POINT FOREST, INC.

Decided October 19, 1961—Rehearing denied
October 30, 1961.

*Robert B. Kollen,* for plaintiff in error.

*McCready Johnston, Ronald J. Armstrong,* contra.

JORDAN, Judge. The facts and ruling in the case of *McKee v. Cartledge,* 79 Ga. App. 629 (54 SE2d 665), are controlling in this case and require the reversal of the judgment sustaining the defendant's motion to dismiss in the nature of a general demurrer, and dismissing the petition. In that case it was held that, since under the allegations of the petition, it was contemplated by the parties that certain duties and obligations contained in the executory contract for the conveyance of land were to be performed by the defendant after the delivery of possession of the property, and the warranty deed thereto, these duties and obligations were not merged in the deed and the acceptance of delivery of possession. It was thus held that "the intention of the parties being controlling and a question for the jury, the court erred in sustaining the demurrers to the petition." *McKee v. Cartledge,* 79 Ga. App. 629, 632, supra.

While both this court and the Supreme Court have on many occasions enunciated and followed the general rule that antecedent sales contracts covering the purchase and sale of real property merge in a subsequent deed involving the same property (*Keiley v. Citizens Savings Bank &c. Co.,* 173 Ga. 11 (1), 159 SE 527; *Taylor v. Board of Trustees, etc.,* 185 Ga. 61, 194 SE 169; *Loftis v. Clay,* 164 Ga. 845, 139 SE 668; *Pierce v. Dennett,* 163 Ga. 471, 136 SE 440; *Augusta Land Co. v. Augusta Ry. &c. Co.,* 140 Ga. 519, 79 SE 138; *Ingram v. Smith,* 62 Ga. App. 335 (3), 7 SE2d 922; *Willingham v. Anderson,* 90 Ga. App. 799, 84 SE2d 471; *Johnson v. Young,* 79 Ga. App. 276 (2), 53 SE2d 559; and *Smith v. White,* 75 Ga. App. 303, 43 SE2d 275), a careful examination of these cases does not disclose any rulings incon-

sistent with or repugnant to the recognition and adoption by this court in *McKee. v. Cartledge*, 79 Ga. App. 629, supra, of an exception to this general rule, which exception has been almost universally recognized by the highest courts of other jurisdictions. See 55. Am. Jur. 757, Vendor & Purchaser § 328; 26 C.J.S. 842, Deeds § 91 (c); 38 A.L.R. 2d p. 1310; Corbin on Contracts (1951 Ed.) § 1319.

The doctrine of merger of an antecedent sales contract for the conveyance of realty with the deed executed subsequently thereto rests entirely on the same principles as the doctrine of merger of prior parol agreements with the written contract executed subsequently thereto. Yet, the Supreme Court of this State has long recognized the exception to this latter rule—that a distinct collateral oral agreement not inconsistent with a subsequent written contract does not necessarily merge therein. *Forsyth Mfg. Co. v. Castlen*, 112 Ga. 199 (37 SE 485, 81 ASR 28); *Brinson v. Franklin*, 177 Ga. 727 (171 SE 287); *Langenback v. Mays*, 205 Ga. 706 (54 SE2d 401, 11 ALR2d 1221).

In the *Castlen* case, 112 Ga. 199, 211, supra, the court stated as follows: "And a party is at liberty to prove 'the existence of any separate oral agreement as to any matter on which a document is silent, and which is not inconsistent with its terms, if from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transactions between them.' 2 Whart. Ev. § 1026, p. 203."

In the case of *Langenback v. Mays*, 205 Ga. 706, supra, the Supreme Court in applying this principle of non-merger held that where as an inducement and consideration for the execution of a written contract for the sale of land, together with certain tourist cabins thereon, the sellers orally agreed with the buyers that they would not thereafter compete with them in renting tourist cabins in the area, such oral agreement was separate and distinct from and not inconsistent with the written contract, and was enforceable in equity.

In *Moxley v. Adams*, 190 Ga. 164 (3) (8 SE2d 525), the Supreme Court held that: "While there are legal principles to the effect that covenants pertaining to a lease, when coupled

with an option to purchase; may become inoperative upon the exercise of such option, on the theory that the lesser estate with the covenants pertaining thereto have thus become merged into the greater estate by purchase . . . these principles of merger would have no application to a lease with an option to purchase, in a case such as this, where the instrument contained, not only the lease and option to purchase the described leased premises, but an additional grant to the lessee and optionee of a right to remove soil from *another and different lot* owned by the lessor for the purpose of 'filling in' the leased premises, and this grant was a part of the consideration for both the agreed amount of rentals and the agreed amount of purchase-price."

Certainly, the rationale of these cases firmly supports the decision of the Court of Appeals in *McKee v. Cartledge*, 79 Ga. App. 629, supra.

This exception to the general rule, which is recognized and applied in the *McKee* case, is stated in 55 Am. Jur. 757, § 328, as follows: "Where there are stipulations in the preliminary contract or contracts of which the conveyance is not a performance, the question whether such stipulations are merged in the deed depends upon the intent of the parties. . . The evidence of such intention may exist in or out of the deed. . . It is usually held that stipulations for the performance of acts after the giving of the deed, such as a stipulation for the making of repairs or improvements, are not merged in the deed." It is stated in an annotation in 38 A.L.R. 2d, p. 1321 as follows: "From this it may be stated as a general rule that where the antecedent contract contains provisions imposing obligations upon the vendor other than those relating to title or possession, and so far collateral thereto as to indicate that their omission from the deed was without any deliberate intent to preclude their survival of that instrument, such collateral provisions will be held to survive the deed."

The provisions of the sales contract in the instant case disclose that the obligations assumed by the defendant under the covenant of warranty of workmanship, materials and a dry basement for a period of one year were necessarily to be performed after the execution of the deed and the taking of possession

of the property by the plaintiff; and it is specifically alleged in the petition that it was the intention of the parties that these obligations should survive the execution of the deed and not be merged therein. Therefore, since the obligations assumed by the defendant in the sales contract were not inconsistent with the terms of the deed and were sufficiently collateral to the deed in that they did not relate to title or possession, and were not referred to in the deed in any manner, under the ruling in the *McKee* case, 79 Ga. App. 629, supra, the instant petition stated a cause of action, it being a question for the jury's determination as to whether the parties intended for the defendant's obligations as expressed in the contract of sale to survive the execution of the deed and not be merged therein.

The trial court erred in sustaining the defendant's motion and in dismissing the plaintiff's petition.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*