39093.   POSTELL v. HEARN.

Decided November 6, 1961.

766

*Jacob C. Billig,* for plaintiff in error.
*Sam Phillips McKenzie,* contra.

JORDAN, Judge. A general demurrer or an oral motion in the nature of a general demurrer to an answer or other defensive pleadings should be sustained if no part of such defensive pleadings sets out a legal defense. *A. E. Speer, Inc. v. McCorvey,* 77 Ga. App. 715 (49 SE2d 677). Under the view we take of this case, the trial court properly sustained the plaintiff's oral motion in the nature of a general demurrer to the defendants' defensive pleadings since said pleadings affirmatively disclose that the provisions of the written sales contract upon which the defendant's defenses and claims were predicated had become merged in and extinguished by the deed subsequently executed by the parties pursuant to said antecedent sales contract. See *Ingram v. Smith,* 62 Ga. App. 335 (3) (7 SE2d 922); *Willingham v. An-*

*derson,* 90 Ga. App. 799 (84 SE24 471); *Johnson v. Young,* 79 Ga. App. 276 (53 SE2d 559); *Smith v. White,* 75 Ga. App. 303 (43 SE2d 275).

The contention of the defendant that this case comes within the exception, recognized in the case of *McKee v. Cartledge,* 79 Ga. App. 629 (54 SE2d 665), to the general rule that an antecedent sales contract covering the purchase and sale of real property merges in a subsequent deed involving the same property is without merit.

In the *McKee* case, supra, it was held that, since under the allegations of the petition it was contemplated by the parties that the subsequent execution of a deed pursuant to a written sales contract was only a part performance of the provisions of the antecedent sales contract and that certain obligations contained in the antecedent contract were to be performed by the defendant after the delivery of possession of the property and the warranty deed thereto and were to survive the execution of the deed, these duties and obligations were not necessarily merged in the deed. It was thus held that "the intention of the parties being controlling and a question for the jury, the court erred in sustaining the demurrers to the petition." *McKee v. Cartledge,* 79 Ga. App. 629, 632, supra.

In the recent case of *Kollen v. High Point Forest, Inc.,* 104 Ga. App. 713 (122 SE2d) this court followed the *McKee* case in holding that the petition of the plaintiff stated a cause of action in a suit seeking damages for the breach of the provisions of an antecedent sales contract where, under the allegations of the petition, it was a question for the jury as to whether these provisions had become merged in the deed subsequently executed by the parties.

In the instant case, however, while it was alleged that the deed was accepted and the purchase money paid by the defendant in reliance on the plaintiff's promise of future performance of the provisions embodied in the sales contract, it was not alleged that the provisions of the antecedent sales contract sued on were collateral to and survived the deed executed subsequently thereto, nor was it alleged that the deed was only part performance of the antecedent sales contract. While some of the provisions of the

sales contract were necessarily to be performed after the consummation of the sale (such as the one-year guaranty of materials and workmanship and completion of improvements on the realty involved), it was provided in paragraph 8 of the sales contract as follows: "Seller and Purchaser agree that such papers as may be legally necessary to carry out the terms of this contract shall be executed and delivered by such parties at the time sale is consummated." In view of this provision of the antecedent sales contract setting forth the clear intention of the parties and under the pleadings in this case, it cannot be said that this case comes within the recognized exception to the general rule of merger. The defendant's pleas based on the alleged breach by the plaintiff of the provisions of this written contract therefore set forth no issuable defense to the plaintiff's action.

The contention of the defendant that his defensive pleadings as amended disclosed the existence of a separate and independent oral contract between the parties under which the plaintiff was obligated to perform the conditions set forth in the written agreement is likewise without merit. It is alleged in the defendant's amended pleadings only that the defendant accepted the deed and paid the purchase money in consideration of the plaintiff's oral promise to perform all of his obligations to the defendant with regard to the guaranty of the workmanship and materials and the completion of unfinished work as set out in the written sales contract. These allegations of the pleadings show nothing more than a mere gratuitous statement made by the plaintiff in connection with the written contract which subsequently merged in the deed, and are wholly insufficient to set forth the existence of a separate and independent oral contract between the parties.

The trial court did not err in sustaining the plaintiff's oral motion in the nature of a general demurrer to the defendant's defensive pleadings.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*