### 40651. COX v. WILSON.

JORDAN, Judge. This was a suit to recover damages for breach of contract. The petition alleged that on September 20, 1961, the plaintiff purchased from the defendant a new home and lot located in Floyd County, Georgia, known as 7 Crestridge Drive, the deed conveying said property being recorded in the office of the Clerk of the Superior Court of Floyd County; that as an inducement to get plaintiff to buy the property for the sum of $15,333.50 the defendant did orally agree to repair any defects in the workmanship or materials used in said house which might be discovered within a year after plaintiff purchased the property; and that the oral promise of the defendant was made on or about August 7, 1961, and was accepted by the plaintiff at the time same was made. The petition enumerated certain defects which were subsequently discovered in the premises, alleged that proper notice of the same was given to the defendant, and that the defendant refused to perform his oral agreement to make repairs. Damages were sought in the sum of $1,833.50

The defendant's general demurrer to the petition was sustained and the exception is to that judgment. *Held:*

Assuming for the sake of argument only, that the allegations of the petition are sufficient to allege that the payment of the purchase price by the plaintiff was consideration for the defendant's promise, and that such oral agreement was without the operation of the statute of frauds (*Code* § 20-401 (5)),

then it must be held under the decision of this court in *Postell v. Hearn,* 104 Ga. App. 765, 766 (123 SE2d 13), and the cases therein cited, that the provisions of the alleged oral agreement merged in and were extinguished by the deed subsequently executed by the parties. The allegations of the instant petition are insufficient to bring this case within the exception to the merger doctrine which was recognized in *McKee v. Cartledge,* 79 Ga. App. 629 (54 SE2d 665) and applied in *Kollen v. High Point Forest, Inc.,* 104 Ga. App. 713 (123 SE2d 10).

The petition did not set forth a cause of action for breach of an oral contract, and the trial court did not err in sustaining the general demurrer.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED MAY 1, 1964.

*Wright, Walther & Morgan, Robert G. Walther,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith, John W. Maddox,* contra.