41775.   PARRISH v. WATERS.

594

ARGUED FEBRUARY 7, 1966—DECIDED APRIL 14, 1966—
REHEARING DENIED MAY 6, 1966.

*Martin McFarland,* for appellant.

*Edenfield, Heyman & Sizemore, W. Dan Greer,* for appellee.

FELTON, Chief Judge. The petition in this case is construed to mean that the special executory provisions in the contract to sell were not carried forward in the deed conveying the property. The answer to the question presented in this case is found in the rationale of *Knight v. Hedden,* 112 Ga. App. 847 (146 SE2d 556), (certiorari denied), and cases cited therein. The amendment to the petition in this case that the parties intended that the special stipulations would survive the execution of the deed was not a conclusion of the pleader but the allegation of an ultimate fact supported by allegations in the petition. The provision in the contract "(2) Closing to be within thirty days—as soon as financing can be arranged," means that the closing would occur as soon as financing could be arranged if the arrangement could be made within thirty days, otherwise, within thirty days at the most. This provision tends to support the theory that the special stipulations were to survive the execution of the deed for the reason that under the "closing" provision it could have been reasonably probable that the financing arrangement could have been made in less than thirty days and before the special stipulations could have been performed. Under the above citations the intent of the parties may be gathered from the "entire contents of the instruments, or from the instruments and surrounding circumstances." The petition in this case alleges evidentiary facts which necessarily would show, if proved, that at the time of the execution of the deed most if not all of the special stipulations had not been performed, which facts also lend support to the conclusion that the special stipulations should survive the execution of the deed. Any other conclusion would mean that the buyer waived the stipulations in the contract for which he had paid an amount which, under the contract, was included in the total purchase price. Under the above rulings and under the allegations of the petition, the petition alleged a cause of action good as against general demurrer as to the action for breach of the written contract. The

alleged parol agreement is not enforceable because under the allegations there was no consideration whatsoever therefor and it added to the terms of the written agreement contrary to its terms.

The court erred in sustaining the general demurrer as to the action for a breach of the written contract.

*Judgment affirmed in part; reversed in part. Nichols, P. J., Bell, P. J., Jordan, Hall and Deen, JJ., concur. Frankum, Eberhardt and Pannell, JJ., dissent.*

FRANKUM, Judge, dissenting. I dissent from the opinion and judgment of the majority in this case, the basis of my dissent being fundamentally the same as that set forth in my dissent in the recent case of *Knight v. Hedden,* 112 Ga. App. 847 (146 SE2d 556), cited and relied upon by the majority. I think that case is distinguishable on its facts from this case, and that that case is not authority for the ruling made in the majority opinion in this case. Involved in this case was the promise of the seller contained in the preliminary sale contract to do certain work and perform certain services in connection with the completion of a house which apparently was under construction at the time the sale contract was entered into. With the possible exception of item 4(i), respecting checking the chimney for leakage and repairs, every one of the items sued for related to things which the buyer could have easily ascertained had not been done prior to closing the sale and accepting the deed. None of the things set forth in the petition as not having been performed by the seller were in and of themselves of such a character that they necessarily could not have been performed within the 30. days allowed under the sale contract for closing. This fact clearly distinguishes this case from *Kollen v. High Point Forest, Inc.,* 104 Ga. App. 713 (123 SE2d 10), where the seller guaranteed a dry basement for one year, and it appeared that the sale was contemplated by the parties to be consummated within a few days, and was in fact consummated within 12 days after the execution of the sale contract. Similar facts in *McKee v. Cartledge,* 79 Ga. App. 629 (54 SE2d 665), also distinguish that case from this one and render the rule enunciated there and followed in the *Kollen* case inapplicable here. The ruling

in the *Kollen* case clearly points up the distinction between cases of that kind and this case. That case clearly laid down the rule that the bare allegation that it was the intention of the parties that the special stipulation contained in the sale contract would survive the execution of the deed and not merge therein is not sufficient to withstand the attack of a general demurrer, unless supported by some fact alleged in the petition or appearing from the contract itself which would authorize such a conclusion. That proposition is authority for the view that I take of this case, and I, therefore, do not agree with the statement contained in the majority opinion that the bare allegation of such intent unsupported by any facts is not a conclusion but is an allegation of an ultimate fact. To permit parties to amend in this fashion a contract for the sale of realty which furnishes no key authorizing such a conclusion is, to my mind, a serious weakening of the sanctity of solemnly written agreements.

I think this case clearly falls within the well established rule set forth in the older cases decided by both this court and the Supreme Court, such as *Keiley v. Citizens Savings Bank &c.*, 173 Ga. 11 (159 SE 527); *Smith v. White*, 75 Ga. App. 303, 306 (43 SE2d 275); and *Johnson v. Young*, 79 Ga. App. 276, 282 (2) (53 SE2d 559). Furthermore, the contract in this case contained a provision that "such papers as may be legally necessary to carry out the terms of the contract" will be executed upon the closing of the sale. As was, in effect, held by this court in *Postell v. Hearn*, 104 Ga. App. 765, 768 (123 SE2d 13), a case written by Judge Jordan, who also wrote the *Kollen* case (decided at the same term), where a contract for the sale of realty contains a term such as above quoted, and where the seller subsequently executes a deed containing no reference to any preliminary agreements and the buyer accepts it, and where no other agreement renewing the preliminary agreements is entered into contemporaneously therewith, the buyer will be held to have waived the terms of such preliminary agreements not specifically referred to in the deed, and in such cases the recognized exception to the general rule of merger, as applied in the *Kollen* and *McKee* cases, does not apply. I think the trial judge was right in sustaining the general demurrer and in dismissing the petition in this case.

598

I am authorized to state that Judges Eberhardt and Pannell concur in this dissent.

