## 42280. POLLOCK v. MORRIS HYLES CONSTRUCTION COMPANY, INC.

JORDAN, Judge. James A. Pollock brought this action for breach of contract in the City Court of Columbus against Morris Hyles Construction Company, Inc., alleging that on or about March 3, 1965, plaintiff contracted to buy a house built by defendant, and on said date received a warranty deed from defendant to said property, and that as part of the consideration paid by plaintiff to defendant upon execution of the warranty deed, defendant concurrently agreed to make certain repairs to the house, as set forth in a writing attached as an exhibit to the petition, dated March 3, 1965, as follows: "I agree to repaint one wall in rear bedroom, clean or replace carpet in living room, make necessary repairs to ceiling in front bedroom and caulk as needed in bathroom, within ten days, and replace wallpaper in kitchen if required."

Plaintiff further alleges that defendant's servants made some repairs, not specified in the petition, and that defendant at various times made oral promises to make the repairs. Plaintiff seeks damages for the difference in value of the house without the repairs, and for attorney fees. The case is here on the single issue as to whether the trial judge erred in sustaining defendant's general demurrer to the petition. *Held:*

Recognizing that a petition must be construed most strongly against the pleader on demurrer, and assuming that the warranty deed, which is not a part of the petition, makes no

reference to any unexecuted obligations of the defendant, the circumstances set forth in the petition, together with the exhibit attached thereto, are sufficient to allege that it was the intention of the parties that certain duties were 'required of the seller *after* payment of the purchase price and execution of the warranty deed and therefore did not merge in the deed. The exception to the doctrine of merger of an antecedent sale contract with a subsequently executed deed was recognized in *McKee v. Cartledge,* 79 Ga. App. 629 (54 SE2d 665), and followed in *Kollen v. High Point Forest, Inc.,* 104 Ga. App. 713 (123 SE2d 10) and *Knight v. Hedden,* 112 Ga. App. 847 (146 SE2d 556). This exception is clearly pointed out in those cases and rests in a particular case on a determination from all the facts and circumstances as to whether the parties intended a survival of such agreements or stipulations. As was stated in *Knight,* the evidence of such intention may exist in or out of the deed and may be gathered from a consideration of the entire contents of the instruments, or from the instruments and surrounding circumstances. Since intention of the parties is the controlling element in such cases, and as this is a question for the jury, the trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Bell, P. J., concurs. Eberhardt, J., concurs specially.*

SUBMITTED SEPTEMBER 7, 1966—DECIDED OCTOBER 11, 1966.

*Roberts & Thornton, James A. Elkins, Jr.,* for appellant.
*Arthur F. Copland,* for appellee.

EBERHARDT, Judge, concurring specially. I concur in the result here because the memorandum of agreement alleged to have been made concurrently with the execution of the deed specifically provides that the repairs specified were to be accomplished "within ten days." This clearly shows an intention that the agreement should survive execution of the deed. As was pointed out in *McKee v. Cartledge,* 79 Ga. App. 629 (54 SE2d 665), there were things specified in the contract "to do at a still later period," i.e., after execution of the deed and within a time specified. In *McKee* it was 30 days; here it was 10 days. In *Kollen v. High Point Forest, Inc.,* 104 Ga. App. 713 (123 SE2d 10), it was a

year. But it was not true in *Knight v. Hedden,* 112 Ga. App. 847 (146 SE2d 556), and for that reason I joined in Judge Frankum's dissent. I do not agree with the result in that case and would not rely upon it here. The terms of the contract were different.