44269, 44270.   GEORGIA MOBILE HOME DEVELOPMENT
    CORPORATION v. KUTER; and vice versa.

ARGUED FEBRUARY 3, 1969—DECIDED JUNE 12, 1969.

*Alston, Miller & Gaines, Ronald L. Reid,* for appellant.

*Ballard & Thigpen, Troy Thigpen, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Meade Burns, Robert W. Beynart,* for appellee.

QUILLIAN, Judge. ■ The language quoted in the statement of facts relative to the actual payment, relied upon by the plaintiff to enforce such provision, appears in the contract of sale of land but does not appear in the warranty deed by which the land was conveyed. The defendant, therefore, contends that the general rule as to merger of antecedent agreements into a subsequent warranty deed must apply; since the clause was not reiterated in the deed it did not survive the execution thereof, citing *Postell v. Hearn,* 104 Ga. App. 765 (123 SE2d 13); *Cox v. Wilson,* 109 Ga. App. 652 (137 SE2d 47).

We recognize the well established rule of merger; however, the courts of this state have engrafted an exception to this general principle. "When it is contemplated by the parties that certain duties and obligations contained in an executory contract for the conveyance of land are to be performed after the delivery of possession of the property, and the warranty deed thereto, these duties and obligations are not merged in the deed and the acceptance of delivery of possession. 'Where there are stipulations in the preliminary contract or contracts of which the conveyance is not a performance, the question whether such stipulations are merged in the deed depends upon the intent of the parties. . . The evidence of such intention may exist in or

out of the deed. . .'" *Knight v. Hedden,* 112 Ga. App. 847, 848 (146 SE2d 556), citing *McKee v. Cartledge,* 79 Ga. App. 629 (54 SE2d 665); *Kollen v. High Point Forrest, Inc.,* 104 Ga. App. 713 (123 SE2d 10).

Here the language contained in the sale contract that the "purchaser agrees to the payment of an annual sum in addition to the purchase price in the amount of $59," standing alone, could be construed as evidencing the intent of the parties that this provision exist independently and not be merged into the deed. However, the contract also provided: "Seller and purchaser agree that such papers as may be legally necessary to carry out the terms of this contract shall be executed and delivered by such parties at time sale is consummated." In *Postell v. Hearn,* 104 Ga. App. 765, supra, this court held, on demurrer, without allegations that the parties intended the contract provisions to survive, the quoted provision was controlling and merger occurred. Since this case is considered on directed verdict, absent evidence of the intention of the parties, extrinsic to the contractual provisions, the *Postell* case, supra, is controlling.

Here the only evidence adduced was testimony by the defendant that he was dubious about the provision in question. He related a conversation with Harris, a salesman for the defendant: "A. He said when I bought a piece of property there, I would then become a member of the Property Owners Association which had been formed. I would receive a share of stock and I would be billed at a later date when they sold some three hundred lots. That I would be billed for $59 by that Property Owners Association. He even went so far as to explain it in detail, because I objected a little bit to this. He said, well, look at it this way. You are taking that $59 out of one pocket, and putting it in another, because you are going to be a part of this Property Owners Association. Q. Did those statements have any effect on you when you signed the contract? A. Well, I looked at the conditions and the way everybody painted it, Mr. Thigpen, and I thought that since this going for recreation; and I did want to move into a place that would have such recreational facilities and be interesting to live in, I'd pay it; since I'll be a part of it and own a share of some of it."

This can not be construed as showing an intention that the obligation survive the deed so as to avoid the application of the merger doctrine. Thus, the rule in the *Postell* case is determinative of the issue here presented and the trial judge did not err in directing a verdict for the defendant on the plaintiff's claim.

■ In considering the defendant's counterclaim the following principles are applicable: "In actions for fraud, actionable representations 'must relate to past or existing facts and cannot consist of mere broken promises, unfulfilled predictions, or erroneous conjectures as to future events.'" *Rogers v. Sinclair Refining Co.*, 49 Ga. App. 72, 73 (174 SE 207). A mere breach of a contract is not fraud. *Snow's Laundry &c. Co. v. Ga. Power Co.*, 61 Ga. App. 402, 405 (6 SE2d 159). Fraud cannot be predicated upon statements promissory in nature as to future actions. *Jackson v. Brown*, 209 Ga. 78 (2) (70 SE2d 756); *Beach v. Fleming*, 214 Ga. 303, 306 (104 SE2d 427); *Crozier v. Provident Life &c. Ins. Co.*, 53 Ga. App. 572, 574 (186 SE 719).

In this case the fact that the lake water might have subsequently become polluted or the fact that various lot owners failed to comply with the rules and regulations or the restrictive covenants did not give rise to a showing of fraud. Nor did the fact that the company failed in some instances to enforce the restrictive covenants show an actionable misrepresentation. It should be noted that paragraph 19 of the restrictive covenant recites: "The failure by any landowner or the company to enforce any restrictions, conditions, covenant or agreement herein contained shall in no event be deemed a waiver of the right to do so thereafter as to the same breach or as to one occurring prior or subsequent thereto, nor shall such failure give rise to any claim or cause of action against the company or such owner." Since the acts above set out were the only grounds for showing any damage to the plaintiff through loss of value of his mobile home and lot, the trial judge did not err in directing a verdict against the defendant on his counterclaim.

■ The defendant contends that the trial court erred in excluding his testimony as to the value of his real estate. The rule is well settled that the exclusion of evidence is harmless where the verdict was demanded and the evidence offered could

not have changed the result. *Green v. Atlanta Joint Stock Land Bank,* 182 Ga. 172, 174 (3) (185 SE 342); *Gilmore v. Smith,* 213 Ga. 780 (3) (102 SE2d 32).

In view of the rulings herein made any remaining questions presented by the enumeration of errors are nugatory.

*Judgments affirmed. Felton, C. J., and Pannell, J., concur.*