44865.    REYNOLDS et al. v. WILSON.

ARGUED NOVEMBER 4, 1969—DECIDED FEBRUARY 9, 1970.

Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Clayton H. Farnham, for appellants.

Zachary, Hunter, Zachary & Bowden, W. E. Zachary, Sr., for appellee.

EVANS, Judge. This case involves the purchase of real estate on which a residential dwelling was constructed, and as alleged by the plaintiffs, it was to be suitable for occupancy as their home. The pleadings and evidence show that the dwelling was not completed when the contract of sale was entered into, and special stipulations were incorporated in the contract by the parties. While the doctrine of caveat emptor applies to the sale of realty, and there are no implied warranties as to the physical condition of the property or title, and ordinarily a purchaser buys at his own risk, this strict rule has been modified in a number of instances, particularly where fraud has been involved. See Whiten v. Orr Constr. Co., 109 Ga. App. 267, 268 (136 SE2d 136), where a discussion of such cases of modification is made.

Count 1 of the petition as finally amended alleges a claim of fraud on the part of the defendant in that he allegedly failed to act in good faith but affirmatively attempted to defraud the plaintiffs in utmost bad faith by concealing latent defects known

to him. The plaintiffs then set out certain alleged latent defects known to the defendant but unknown to the plaintiffs and which they were unable to see from personal inspection of the property. In reading the depositions of the opposing parties there appears to be considerable conflict as to, (1) the existence of defects in the dwelling; and (2) whether or not they were latent or reasonable and natural which would occur after the construction of any dwelling; and (3) whether or not there has been any fraud on the part of the defendant. While the judge did not state that he considered the depositions in his ruling on the motion to dismiss Counts 1, 2 and 3, as amended, yet it does not matter in our review, since it is clear that Count 1 states a claim for relief as required by *Code Ann.* § 81A-108 (a) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230), and even if the motion be treated as one for summary judgment and disposed of as provided in *Code Ann.* § 81A-156 (Civil Practice Act, as amended, supra) the court erred in dismissing Count 1 of the petition. See *Whiten v. Orr Constr. Co.,* 109 Ga. App. 267, supra, and cases cited therein.

But under the authority of such cases as *Walton v. Petty,* 107 Ga. App. 753 (131 SE2d 655), and cases cited therein with reference to implied warranties and implied covenants, under Count 2 of this petition, based upon a breach of implied warranty, in that the defendant impliedly warranted the building to be built in a workmanlike manner in compliance with the DeKalb County Minimum Construction Standards, a claim for the relief demanded is not stated. The doctrine of caveat emptor applies for any sale of land and there is no implied warranty as to the property. See *Code* § 29-302; *McDonough & Co. v. Martin,* 88 Ga. 675 (16 SE 59, 18 LRA 343). The court did not err in dismissing Count 2 of the petition.

Count 3 of the petition alleges certain damages in the construction of double doors installed in the basement in lieu of a single door as the result of a special stipulation in the contract of sale. The deposition of the builder shows that this work was to be performed after the closing of the transaction. It thus appears from the evidence that this special stipulation

in the contract of sale did not merge in the deed upon the closing of the transaction and the acceptance by the purchaser. Accordingly, the doctrine of caveat emptor does not apply in this instance, and in alleging that the contractor failed to perform his contract in a workmanlike manner, the purchaser states a claim for the relief sought; and in considering the evidence as well as the pleadings, this claim for relief based upon a special stipulation in the sale contract did not merge with the deed when the sale was closed. *McKee v. Cartledge*, 79 Ga. App. 629 (54 SE2d 665); *Kollen v. High Point Forest, Inc.*, 104 Ga. App. 713 (123 SE2d 10); *Knight v. Heddon*, 112 Ga. App. 847 (146 SE2d 556). Accordingly, the court erred in dismissing Count 3 of the petition.

*Judgment reversed in part; affirmed in part. Jordan, P. J., and Whitman, J., concur.*