### 46050. LITTLE v. MERCK.

HALL, Presiding Judge. In an action for damages based on a builder's failure to correct a defect in the grading and drainage of a house, defendant appeals from the judgment and from the denial of his motion to strike part of the complaint.

Plaintiff-buyer signed a contract with defendant-builder on February 3, 1969. It was a standard-form printed contract used by real estate agents for the sale of residential property and was also signed by the broker. The only thing in the contract which would indicate anything other than the usual sale of a finished

dwelling was a provision that closing would occur upon the completion of the house. It was, in fact, still under construction at the time the contract of sale was made.

Plaintiff made several trips to the site during which he noticed a large accumulation of water in the basement. He called defendant's attention to this condition and defendant assured him it would be fixed. The closing took place on May 15. At that time, plaintiff again brought up the water problem and asked defendant for assurance that it would be handled. He testified that he went through with the sale only after receiving that assurance. Defendant himself testified to the truth of this exchange and that "I told him at the time of the closing that the back yard I had already checked and it was not graded to my satisfaction. I would correct it." He also testified that he returned in October and regraded the yard and lowered the drain. With water still in his basement, plaintiff brought this action in July 1970. The complaint uses the words breach of warranty, negligent manner of landscaping, and improper installation of a drain line.

1. Defendant contends the court erred in denying his motion to strike the paragraph of the complaint in which the word "negligent" is used. He cites *Whiten v. Orr Constr. Co.*, 109 Ga. App. 267 (136 SE2d 136), for the proposition that there can be no recovery based upon negligence against a vendor-builder. While this is a correct statement of the law, the main thrust of the paragraph in question is to set out plaintiff's damages—the amount which he might recover under any theory of law. Since the balance of the complaint alleges facts which state a claim, the court did not err in refusing to strike an essential element of the complaint because of an improper stray word.

2. Defendant contends that the contract between the parties was for the sale of real property (not for the building of a house); therefore the doctrine of caveat emptor applies and absent a showing of fraud and deceit, plaintiff has no right to recover. He further contends that any previous oral or written agreements were merged in and extinguished by the deed. Finally, he contends that any oral agreement concerning the water problem would be unenforceable both as a modification of a contract required to be in writing by the Statute of Frauds, and

as unsupported by any new consideration on plaintiff's part.

While all of these contentions would stand alone as abstract principles of law, they are not applicable to the undisputed facts of this case. This court has held that where it is the intention of the parties that certain duties are to be performed after the delivery of the deed and acceptance of possession, the duties and obligations are not merged in the deed. *McKee v. Cartledge,* 79 Ga. App. 629 (54 SE2d 665). In that case the promise to perform the duties was also oral, and the court held that because there had been full performance on one side (payment of purchase price and acceptance of possession and deed) the transaction was outside the Statute of Frauds. Here, defendant's *own* testimony as well as plaintiff's clearly shows they intended the obligation to correct the water problem to outlive and be collateral to the transaction conveying the property. See also *Kollen v. High Point Forest, Inc.,* 104 Ga. App. 713 (123 SE2d 10); *Pollock v. Morris Hyles Constr. Co.,* 114 Ga. App. 455 (151 SE2d 840); 38 ALR2d 1310, §§ 7 and 8.

Similarly, the doctrine of caveat emptor does not apply in a situation where the builder is to perform work after the closing of the transaction. *Reynolds v. Wilson,* 121 Ga. App. 153 (173 SE2d 256).

Finally, the defendant supplied any necessary new consideration when he agreed to an earlier closing than that called for in the contract, i.e., completion of the house. He would have been justified in refusing to close when, by the defendant's own admission, the grading was not yet satisfactorily completed.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*

ARGUED MARCH 8, 1971—DECIDED JUNE 4, 1971—

REHEARING DENIED JUNE 18, 1971—CERT. APPLIED FOR.

*Curtis R. Richardson,* for appellant.

*T. M. Allen, Jr.,* for appellee.