49506. HELMER et al. v. HEGIDIO et al.

QUILLIAN, Judge.

Appeal was taken in this case from the denial of the defendant's motion for summary judgment which was originally denominated as a motion to dismiss.

The complaint as amended alleged that the plaintiff purchased a lot and house from the defendants (conveyance was by warranty deed); that after the plaintiffs moved in they discovered certain defects in the property, inter alia, with regard to the fireplace and to the basement waterproofing; that the defendants refused to repair the listed defects after due notice. It was further alleged that the defendants gave the plaintiffs a one year guarantee on all materials and workmanship used in the construction of the house. The complaint sought recovery of $14,088.56.

The defendants answered denying the material allegations of the complaint and asserting that any alleged agreements were merged into the subsequent warranty deed entered into between the parties. The defendants also moved to dismiss the complaint and by adding additional documentary evidence in the form of the warranty deed and affidavits, converted their motion into one for summary judgment.

By affidavit in opposition to the motion for summary judgment the plaintiffs asserted that the defendants, prior to the closing, promised to fix the fireplace and basement and to take care of certain incidental problems upon which promises they relied in closing the transaction. The record contains no copy of the sales contract or the closing documents other than the warranty deed. The trial judge after overruling the motion for summary judgment granted a certificate for immediate review, and an appeal was taken to this court. *Held:*

Before this court the defendant urges the well settled rule that oral promises leading up to the execution of a written instrument are merged therein upon execution of such instrument. *Postell v. Hearn,* 104 Ga. App. 765 (123 SE2d 13); *Cox v. Wilson,* 109 Ga. App. 652 (137 SE2d 47); *Pollock v. Morris Hyles Construction Co.,* 114 Ga. App. 455 (151 SE2d 840).

Nevertheless, there is an equally well settled exception to this rule as set forth in *Knight v. Hedden,* 112 Ga. App. 847, 848 (146 SE2d 556): "Where there are stipulations in the preliminary contract or contracts of which the conveyance is not a performance, the question whether such stipulations are merged in the deed depends upon the intent of the parties. . . The evidence of such intention may exist in or out of the deed . . . where the antecedent contract contains provisions imposing obligations upon the vendor other than those relating to title or possession, and so far collateral thereto as to indicate that their omission from the deed was without any deliberate intent to preclude their survival of that instrument, such collateral provisions will be held to survive the deed." See *McKee v. Cartledge,* 79 Ga. App. 629 (54 SE2d 665); *Kollen v. High Point Forest,* 104 Ga. App. 713 (123 SE2d 10); *Ga. Mobile Home Development Corp. v. Kuter,* 119 Ga. App. 781, 783 (168 SE2d 858).

In *Little v. Merck,* 124 Ga. App. 73 (183 SE2d 234), in an analogous situation, similar contentions were made with regard to merger, failure to comply with the Statute of Frauds and as to the doctrine of caveat emptor. This court held: "Where it is the intention of the parties that certain duties are to be performed after the delivery of the deed and acceptance of possession, the duties and obligations are not merged in the deed." P. 75. Furthermore, even though the promise to perform the duties was oral "because there had been full performance on one side (payment of purchase price and acceptance of possession and deed) the transaction was outside the Statute of Frauds." P. 75. "Similarly, the doctrine of caveat emptor does not apply in a situation where the builder is to perform work after the closing of the transaction. *Reynolds v. Wilson,* 121 Ga. App. 153 (173 SE2d 256)." P. 75.

In this case, since only the warranty deed has been offered as proof and the facts recited by the parties are in conflict, we can not hold as a matter of law that the circumstances here did not come within the exception to the "merger" rule, that there was a violation of the Statute of Frauds or that plaintiffs were bound by the doctrine of caveat emptor. Hence, it was not error to deny the motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted July 1, 1974 — Decided October 1, 1974 — Rehearing denied October 29, 1974 — ▮

*Galkin, Katz & Tye, George H. Freisem, III, Donald A. Weissman,* for appellants.

*Mackay & Elliott, Thomas W. Elliott,* for appellees.

On Motion for Rehearing.

"On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden." *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429).

*The motion for rehearing is denied.*