### 51483. CULLENS et al. v. WOODRUFF.

PANNELL, Presiding Judge.

The plaintiffs brought an action to recover $15,000 damages from the defendant. The complaint was in several counts including breach of contract, warranty and negligence. The defendant filed a motion for summary judgment. The trial judge sustained the defendant's motion. The plaintiffs appeal the order granting summary judgment as to the counts alleging breach of contract, warranty and negligence.

On December 13, 1972, appellants entered into a contract with appellee to purchase a house which was partially built. Appellee was to complete construction of the house in accordance with certain specifications set forth in the contract for sale of realty. The following provision was included in the specifications attached to the contract: "Effective with final acceptance and closing of house by Purchaser, Seller warrants construction for a period of one year, reasonable wear and tear excluded."

Appellants moved into the house in July, 1973. The sale was consummated on July 15, 1973, and appellee conveyed to appellants by warranty deed. Deposition testimony indicated that the parties intended that the plans and specifications, dated December 13, 1972, would survive the closing and not be merged into any warranty deed. The record contains no copy of the warranty deed or closing documents.

1. An antecedent sales contract covering the purchase and sale of real property generally merges into a subsequent deed involving the same property. *Postell v. Hearn,* 104 Ga. App. 765, 767 (123 SE2d 13). However,

where "it was contemplated by the parties that the subsequent execution of a deed pursuant to a written sales contract was only a part performance of the provisions of the antecedent sales contract and that certain obligations contained in the antecedent contract were to be performed by the defendant after the delivery of possession of the property and the warranty deed thereto and were to survive the execution of the deed, these duties and obligations were not necessarily merged in the deed." *Postell v. Hearn,* supra. Whether or not the parties intended a survival of previous agreements and stipulations depends on all of the facts and circumstances of a particular case. The question of intention of the parties regarding survival is for the jury. *Pollock v. Morris Hyles Const. Co.,* 114 Ga. App. 455 (151 SE2d 840).

The record discloses issues of fact regarding whether certain stipulations and agreements survived the closing; and whether appellee failed to comply with any such surviving stipulations, agreements, or warranties. It follows that the trial court erred in granting appellee's motion for summary judgment as to the counts alleging breach of contract and warranty.

2. Appellants allege that appellee was negligent in failing to perform the contract in a workmanlike manner; and as a result of such negligence, appellants have suffered damage to their house in the sum of $15,000. Appellee contends that the contract between the parties was for the sale of real property (not for the building of a house); and therefore, the doctrine of caveat emptor applies absent a showing of fraud and deceit. Since no fraud and deceit was alleged, appellee argues that appellants have no right of recovery against him. See *Little v. Merck,* 124 Ga. App. 73 (183 SE2d 234); *Whiten v. Orr Const. Co.,* 109 Ga. App. 267 (136 SE2d 136).

The depositions of the parties show that certain duties were to be performed after delivery of the property. The doctrine of caveat emptor does not apply in a situation where the builder is to perform work after the closing of the transaction. *Reynolds v. Wilson,* 121 Ga. App. 153 (173 SE2d 256). The work which is to be performed after the closing is not affected by the doctrine of caveat emptor. Appellee has failed to show the absence of negligence in

the performance of the duties which may have survived the execution of the warranty deed. Accordingly, the trial judge erred in granting summary judgment as to the count alleging that appellee was negligent in the performance of his duties.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED NOVEMBER 5, 1975 — DECIDED JANUARY 14, 1976.

*Katz, Paller & Land, G. Roger Land, John E. Robinson,* for appellants.

*Arnall, Golden & Gregory, Earnest H. DeLong, Jr.,* for appellee.