## 53419. CARSON v. PARKS.

QUILLIAN, Presiding Judge.

This appeal was taken from the verdict of a jury in an action by the plaintiff seeking to recover for work he contended he performed under a contract with the defendant to build a house. After judgment for plaintiff, defendant appeals. *Held:*

1. Plaintiff and defendant entered into a contract for construction of a house which stated: "purchaser shall pay contractor's cost of all improvements plus 5% overhead and 10% profit." Defendant gave plaintiff a $1,000 note "a couple of days before closing." Defendant testified that he "withheld that [$1,000] to make sure that the things were completed that were to be done [after closing]. . . the electric garage door installed, the final landscaping done, and the intercom installed."

Plaintiff testified defendant "was so anxious to move into the house [before it was finished]. . . [H]e was afraid the interest rate on his loan was going to change . . . [W]e told him at the time that he moved in that we had no idea what the cost was going to be . . . And we didn't know exactly because we had all of these bills . . . coming in after he had moved in the house." Before closing on May 2, 1973, defendant had gone to the office of the plaintiff and was permitted to examine all of the bills. He was given an accounting, listing a portion of the bills totaling $8,342.84 and thereafter appears: "Cost to Date 4/26/73 $47,064.19; Total Final Cost $55,407.03; Overhead . . . $2,360.35; Profit . . . $4,956.74; Total Purchase Price $62,724.12."

Defendant contended that the last figure — $62,724.12 was the total amount due plaintiff under this

contract and as he had paid $61,363.52 and tendered a check in the amount of $387.36, he should be discharged.

Plaintiff's position was that the $1,000 note was not accepted as full and final payment and the account rendered on April 26, six days prior to closing, was nothing more than cost up until that date based on bills received. Plaintiff testified that defendant "knew [plaintiff] had additional work to do" after closing. His employees continued to work on the house "a couple of weeks" after closing because "the house was in such a condition when he moved in [approximately one month before closing] that — it wasn't livable unless we did finish the house." Plaintiff stated that all bills for materials and other costs were not received until "two months and five days" after closing and "everyone there [at closing] knew that the house wasn't even finished."

Thus, defendant contended that total costs and final purchase price were as represented to him on April 26, which included the work to be done after he moved into the house. Plaintiff contended the accounting rendered on April 26 merely represented costs to that date and everyone knew the house was unfinished and all bills had not been received.

The testimony of the parties to the contract being in conflict, credibility was a matter to be determined by the jury. Code § 38-1805. The jury determined the issue adversely to the defendant. After verdict the evidence is construed in its light most favorable to the prevailing party, and every presumption and inference is in favor of the verdict. *Mathis-Akins Concrete &c. Co. v. Tucker,* 127 Ga. App. 699 (1) (194 SE2d 604). We find sufficient evidence of record to support the verdict.

Enumerations of error 1 and 3 are without merit as the trial court did not err in failing to grant defendant's motion for a directed verdict at conclusion of plaintiff's case, or in overruling defendant's motion for judgment notwithstanding the verdict after the jury returned its findings. There was a conflict in the evidence, a verdict was not demanded for either party, and the case was properly submitted to the jury. *Brown & Stephens &c., Inc. v. Shipp,* 115 Ga. App. 123 (153 SE2d 599).

2. Defendant contends the trial court erred in failing

to give his requested charges on the doctrine of merger. We do not agree. The rule he refers to is where "the parties executed a preliminary sales contract and subsequently reduced the contract to a finality evidenced by deed, the terms of the preliminary contract were merged into the deed, and terms or conditions or recitals contained in the preliminary sales contract which are not included in the deed will be considered as eliminated, abandoned, or discarded. . ." *Keiley v. Citizens Savings Bank &c. Co.,* 173 Ga. 11 (1) (159 SE 527); *Kollen v. High Point Forest, Inc.,* 104 Ga. App. 713, 714 (123 SE2d 10). Thus, defendant argues that when he was given a warranty deed at closing the contract merged with the deed and its provisions were extinguished.

In *San Joi, Inc. v. Peek,* 140 Ga. App. 397, 398 (231 SE2d 145), this court quoted Pindar's treatise on Georgia Real Estate Law which criticized broad application of the merger rule, stating: ". . .[I]f the prior contract obligates the grantor to perform three acts, one of which is the making and delivery of a deed, why should the mere acceptance of the deed be a waiver of the grantee's right to demand performance of the other two obligations? . . . The converse principle was restored to its full dignity by [*McKee v. Cartledge,* 79 Ga. App. 629, 631 (54 SE2d 665)], holding that where the deed constitutes only a part performance of the preceding contract, other distinct and unperformed provisions of the contract are not merged in it."

We also held in *San Joi* (p. 399), that "where delivery of the deed is intended only to be part performance, the remaining contractual acts survive the execution of the deed. . . 'Whether or not the parties intended a survival of previous agreements and stipulations depends on all of the facts and circumstances.' " In the instant case both sides agreed that there remained contractual acts to be performed following execution of the deed. Thus, those provisions of the contract did not merge with the deed and the refusal of the court to give the charge requested on the doctrine of merger was not error. *Little v. Merck,* 124 Ga. App. 73, 75 (183 SE2d 234), cert. den.; *C & G Candler, Inc. v. Ga. Power Co.,* 138 Ga. App. 279, 280 (226 SE2d 87).

*Judgment affirmed. Stolz and Shulman, JJ., concur.*

ARGUED FEBRUARY 3, 1977 — DECIDED FEBRUARY 28, 1977.

*Keil, Riley & Davis, E. Wright Davis, Jr.,* for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Madden Hatcher, Jr., Susan G. Elliott,* for appellee.