53688. RADER v. H. BOYER MARX & ASSOCIATES, INC. et al.

BANKE, Judge.

Appellee Marx & Associates performed architectural services for Security Land Holding Company, Inc., for which services Marx was not paid. Marx sued Security, another corporation, and appellant Rader, who it claims assumed Security's debts, for the amount due and owing. The appellant cross claimed against his co-defendants, and Security cross claimed against the appellant. A jury verdict was rendered in Marx's favor against the appellant and against the appellant on all cross claims. Judgment was entered on the verdict, and the appellant appeals.

1. In November 1973, when Security's project for which Marx had rendered services began to flounder, the appellant and Security entered into a contract which included Security's promise to transfer the property involved to the appellant for nominal consideration and the appellant's assumption of many of Security's debts.

The contract contained several other provisions. In December 1973, Security conveyed the land by deed reciting nominal consideration, in accordance with the contract. The deed made no mention of other provisions of the November contract, including the appellant's promise to assume Security's debts.

Several of the appellant's enumerations of error are based on his contention that as a matter of law the November contract, in which he assumed Security's debts, merged in the December deed and was extinguished thereby. This contention is without merit, however. "The exception to the doctrine of merger of an antecedent sale contract with a subsequently executed deed was recognized in *McKee v. Cartledge,* 79 Ga. App. 629 (54 SE2d 665), and followed in *Kollen v. High Point. Forest, Inc.,* 104 Ga. App. 713 (123 SE2d 10) and *Knight v. Hedden,* 112 Ga. App. 847 (146 SE2d 556). This exception is clearly pointed out in those cases and rests in a particular case on a determination from all the facts and circumstances as to whether the parties intended a survival of such agreements or stipulations. As was stated in *Knight,* the evidence of such intention may exist in or out of the deed and may be gathered from a consideration of the entire contents of the instruments, or from the instruments and surrounding circumstances. . . [I]ntention of the parties is the controlling element in such cases, and . . . this is a question for the jury. . ." *Pollock v. Morris Hyles Const. Co.,* 114 Ga. App. 455 (151 SE2d 840) (1966). Thus, it could not be held that the contract merged with the deed as a matter of law, and it would have been improper to charge the jury to that effect.

2. The appellant enumerated as error the trial judge's refusal to direct a verdict or grant a judgment notwithstanding the verdict based on the ground that no valid evidence existed to show his liability for Security's debts. As discussed in Division 1, supra, however, there was evidence that the appellant contracted with Security to assume the debt in question and that the contract could have remained in force after execution of the deed.

The appellant contends that Marx's claim for relief as a third party beneficiary of that contract was equitable and, therefore, barred because Marx had an adequate

remedy at law in the form of an architect's lien. This argument also is meritless. Before the enactment of Code Ann. § 3-108 (Ga. L. 1949, p. 455), a suit in equity was required to assert a debt against the party assuming it. See, e.g., *First Nat. Bank v. Rountree,* 173 Ga. 117 (1) (159 SE 658) (1931). Since that time, however, the action has not been considered equitable. *Jones v. Frances Wood Wilson Foundation, Inc.,* 119 Ga. App. 28 (1, b) (165 SE2d 882) (1969).

3. The appellant claims that the judge erred in admitting in evidence a handwritten letter which appears to have been written and signed by the appellant. It is argued that the document was not properly authenticated. However, the court had already allowed in evidence another letter admitted to have been signed by the appellant. Thus, the jury would be authorized to compare the signatures on the documents, and such would constitute a sufficient foundation for admission of the letter in evidence. *Vizard v. Moody,* 119 Ga. 918 (8) (47 SE 348)(1904); *Martin v. State,* 135 Ga. App. 4, 7 (217 SE2d 312) (1975); see Code § 38-709.

4. The appellant contends that the trial judge erred in charging the jury on both contract and quantum meruit recoveries without requiring an election between them. However, there was evidence presented on which a jury could support either finding, and a plaintiff is not required to elect between inconsistent theories of recovery before the jury renders its verdict. *UIV Corp. v. Oswald,* 139 Ga. App. 697 (229 SE2d 512) (1976).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED APRIL 11, 1977 — DECIDED APRIL 25, 1977.

*David D. Rawlins, Marvin M. Rice,* for appellant.
*Hyatt & Rhoads, James B. Rhoads,* for appellees.