## 57662. BRYANT v. TURNER.

BANKE, Acting Presiding Judge.

In a suit for money damages, the jury awarded appellee $634 for a defective furnace in a house she purchased from appellant in 1975. The contract for the purchase of the house required certification at closing by a reputable, licensed contractor that the heating system was in satisfactory condition. This certification was not delivered at closing. However, the closing statement, in evidence and signed by the parties, incorporated the sales contract by reference, specifically stating that "the terms and conditions contained therein shall survive the closing and shall not merge upon the delivery of the warranty deed." On the day after the closing, while appellant still occupied the premises, an inspection was made and the defect discovered. Appellee's witness testified that the furnace had a cracked heat exchanger, which, because of the labor involved and scarcity of parts, would cost almost as much to repair as the cost of a new furnace. He estimated replacement cost at $634.

Appellant enumerates as error the lack of evidence upon which damages could be based, and also contends that the provisions of the sales contract were either merged with and extinguished by the warranty deed or in the alternative, were waived. *Held:*

1. The evidence as to damages was sufficient to allow the jury to determine the amount of loss with a reasonable degree of certainty. See generally *Big Builder, Inc. v. Evans,* 126 Ga. App. 457 (191 SE2d 290) (1972). *Studebaker Corp. v. Nail,* 82 Ga. App. 779 (62 SE2d 198) (1950).

2. Whether the doctrine of merger applies depends upon the intention of the parties. Here, the closing statement, referred to above, lends credence to appellee's testimony at trial that she decided to consummate the closing without having received the certification of the heating system, based on appellant's representation to

her at closing that "the heating was working, and that he would provide the certification." " 'Where it is the intention of the parties that certain duties are to be performed after the delivery of the deed and acceptance of possession, the duties and obligation are not merged in the deed.' " *Helmer v.Hegidio,* 133 Ga. App. 168 (210 SE2d 332) (1974). *Little v. Merck,* 124 Ga. App. 73 (183 SE2d 234) (1971). The evidence in this case supported a finding that no merger was intended.

*Judgment affirmed. Underwood and Carley, JJ., concur.*

SUBMITTED APRIL 10, 1979 — DECIDED MAY 17, 1979.

*Paulk, Kearns & Reeves, Charles F. Reeves,* for appellant.

*Rich, Bass, Kidd, Witcher & Billington, Barry E. Billington,* for appellee.