## KING v. LIPSEY.

HILL, J. 1. "Time is not generally of the essence of a contract; but, by express stipulation or reasonable construction, it may become so." Civil Code (1910), § 4268, par. 8. But where time is of the essence of the contract, it may be waived; and where the contract is not treated as at an end, but there is insistence as to the performance on the one side after the date of maturity, and a part performance accepted on the other, this amounts to a waiver. *Steele Lumber Co.* v. *Laurens Lumber Co.*, 98 *Ga.* 329 (9), 357 (24 S. E. 755); *Moody* v. *Griffin*, 60 *Ga.* 459-461; *Stewart* v. *Ellis*, 130 *Ga.* 685 (3), 688 (61 S. E. 597).

2. Accordingly, it was error to sustain a general demurrer to a petition filed by the obligee in a bond for title against the obligor, alleging, that the obligor had sold him a certain tract of land, taking his several promissory notes therefor, payable annually thereafter until all the notes were paid, and the bond stipulated that the failure to pay the notes or any of them as they matured, at the option of the obligor, should render the bond void, and he should have the right of immediate entry without recourse to law, or he might advertise the land for sale and sell to the highest bidder for cash, paying the purchase-money due to himself and returning the balance to the obligee in the bond; that the obligee paid the obligor one hundred dollars in cash as a part of the purchase-price of the land, and paid one of the notes subsequently falling due, and ninety dollars on the next one after it became due, making a total of $582 paid on the land; that the obligor did not exercise his option to declare the bond for title void after default in paying the matured notes and to sell the land as provided in the bond, although the obligee

failed to pay all the notes at maturity, the obligor granting the obligee an extension of time on the notes, and suggesting the advisability of the obligee securing a loan on the land for the purpose of paying the balance due by him, but the obligee could not secure the loan, whereupon the obligor declared the bond void and directed the obligee to vacate the land; that the obligee shortly thereafter tendered to the obligor, through his attorney at law, the unpaid purchase-price of the land, including interest, which is still a continuing tender, and the obligor declined to accept the money, and make the obligee a deed or to refund what had been paid him; and that since the purchase of the land it has greatly enhanced in value, and the obligee has made valuable improvements on it by erecting houses, etc.; and he prayed that the obligor be restrained and enjoined from interfering with his possession, and be required to accept the balance of the purchase-price of the land, which the obligee tendered, and that the obligor be required to execute titles as provided in the bond.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

DECEMBER 17, 1914.

Equitable petition. Before Judge Littlejohn. Lee superior court. November 4, 1913.

*R. L. Maynard,* for plaintiff.

*Shipp & Sheppard* and *Ware G. Martin,* for defendant.