EATON *v.* HARWOOD *et al.*

No. 14927.   SEPTEMBER 8, 1944.

*W. F. Manley* and *Joseph G. Faust,* for plaintiff.

GRICE, Justice. The special grounds of the motion for new trial are but amplifications of the general grounds, that the verdict is contrary to law and to the evidence. The testimony of the parties and of their witnesses did not altogether harmonize, but the jury were authorized to find the facts to be in accordance with the foregoing statement. An analysis thereof, taken in connection with the pleadings, will show that the jury were warranted in finding that before Eaton secured his option, Garland had entered into a contract with Harwood for the sale and purchase of the property, that Harwood had paid a portion of the purchase-money, and that Eaton had knowledge thereof. Counsel for the plaintiff in error contend to the contrary, and insist that the record does not show that Harwood had a contract with Garland prior to the date of the option; their position being that the only offer made by Garland to Harwood was in the letter dated December 5, 1941 (and reiterated in that of January 5, 1942), in which Garland wrote Harwood, "If you can get me $1300 cash and take up what I owe, I'll sell it, for I need the cash for it;" and that this offer was not accepted by Harwood unequivocally and unconditionally, and without variance of any sort. Independently of what was contained in the two letters above referred to, there was testimony by other witnesses to the effect that on a date prior to Eaton's option, Harwood had entered into a trade with Garland for the purchase of the land on definite terms, and had paid a part of the purchase-price. The brief of counsel for the plaintiff in error

contains the following: "No waiver of the offer to Harwood was made by Garland prior to Eaton's option and notice thereof to Harwood. And when Harwood paid for and received his deed in September, 1942, he did so after Eaton's option had intervened. Even if Garland did accept the purchase-price then, it was not in pursuance of any agreement existing prior to, but actually after, Eaton's rights under his option were fixed." We have not overlooked this contention, but are of the opinion that under the evidence the jury were authorized to find that a valid contract of purchase and sale was in existence before the time Eaton's rights, if any, were acquired under his option.

It is further insisted by counsel for the plaintiff in error that, under Harwood's own testimony, the only trade he ever had with Garland was that he, Harwood, was to pay to the Federal Land Bank what Garland owed it, and was to pay the balance to Garland immediately upon the cancellation of the bank's papers; but that, although Harwood paid the bank on January 8, 1942, and the papers were cleared for cancellation on January 19, 1942, it was not until September, 1942, that Harwood sent to Garland the balance of the purchase-price. From these facts, the deduction is sought to be drawn that no contract of purchase and sale existed between Harwood and Garland at the time of the execution and delivery of the option to Eaton, since Harwood had failed to comply with one of the terms, to wit, the payment of the balance immediately, etc., and hence Eaton took his option free from any existing equity in favor of Harwood. We are not here concerned with what rights were available to Garland against Harwood on account of the delay in making the final payment. Suffice it to say that Garland in September accepted from Harwood the deferred payment and made him a deed. "Time is not generally of the essence of a contract; but, by express stipulation or reasonable construction, it may become so." Code, § 20-704 (9). Time may be made of the essence of a contract for the sale of lands by express agreement or reasonable construction, but ordinarily courts lean against such construction. *Ellis* v. *Bryant,* 120 *Ga.* 890 (48 S. E. 352). If time is of the essence of a contract, it may be waived; and subsequent conduct of the obligor may have that effect. *Stewart* v. *Ellis,* 130 *Ga.* 685 (61 S. E. 597); *King* v. *Lipsey,* 142 *Ga.* 832 (83 S. E. 957). When Garland accepted

Harwood's money, which completed the last payment, and made him a deed, it was as clear a waiver as could well be imagined.

The evidence is full of contradictions, and it is apparent that some attempt at double-crossing was made. Also, it is difficult under this record to explain the conduct of Garland. But as between the respective rights of Eaton and Harwood, there is evidence to sustain the verdict, which has the approval of the trial judge. *Judgment affirmed. All the Justices concur.*