### SMITH *et al.* *v.* SMITH.

No. 17524. Submitted July 9, 1951—Decided September 10, 1951.

302

*Wilson & Wilson,* for plaintiffs.

*Gibson & Maddox,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts). The controlling question here is whether the grantor in the bond for title had the right to rescind the contract and resell the property when the notes given for the purchase price had become due and unpaid.

The considerations of the bond here in question were: If the grantee "shall . . pay the said several sums of money at the times specified, then the [grantor] . . is bound to . . execute to the [grantee]· . . a good and sufficient title; . . but on failure of the [grantee] . . to pay the said sums of money, or either of them at the time specified, then the said obligation to be void and of no effect." The plaintiff in error insists that the foregoing conditions do not make time an essence of the contract under Code § 20-704 (9), and that failure to pay the notes when due did not authorize a rescission of the contract by the grantor.

In *McDaniel* v. *Gray & Co.,* 69 *Ga.* 433, a bond for title there in question contained almost the identical language, to wit: "Now if [the grantee] . . shall well and truly pay said notes at the times above specified, then the [grantors] . . are bound to execute to [the grantee] . . a good and sufficient title; . . but on failure of [the grantee] . . to pay the aforesaid sums of money, or either of them, at the times therein specified, then the above obligation to be void and of no effect." It was there held that, upon failure of the grantee to pay, the grantor had the right to rescind the contract and, among other remedies of the grantor, was the right to re-enter and take possession where the premises were vacant. See also *Dukes* v.

*Baugh,* 91 *Ga.* 33 (16 S. E. 219); *Watkins* v. *Hendricks,* 137 *Ga.* 330 (73 S. E. 581). In the instant case the place was not vacant, but was occupied by the person to whom the grantor sold the property and executed a deed. We can see no difference, in so far as this right to resell was concerned, in re-entering property that was vacant and in selling it to one in actual possession whose act in purchasing it was a recognition of the grantor's title.

It is insisted by the plaintiff in error that, even though the bond be construed as making time of the essence of the contract, the allegations of the petition allege a waiver of the conditions by the grantor, in that the petition alleges: "That during said time before his death, the said J. L. Smith paid an unknown amount of money upon said purchase price, but did not pay said purchase price in full; that the said J. R. Lipsey, grantor in said bond for title, agreed and allowed the said J. L. Smith to pay upon said purchase price as he was able, and thereby waived the payments according to the terms of said bond for title." These allegations do not show a waiver of the time element for payment. Construing them most strongly against the pleader— which must be done on general demurrer—they show no payment on either of the notes after the notes became due. The allegation that he made payments as he was able is not an allegation that the grantor accepted payments on any note after it was past due. As to waiver the facts in this case differ from those in *Stewart* v. *Ellis,* 130 *Ga.* 685 (3) (61 S. E. 597); *King* v. *Lipsey,* 142 *Ga.* 832 (83 S. E. 957); *Eaton* v. *Harwood,* 198 *Ga.* 240 (31 S. E. 2d, 473), and such like cases. Nor does the fact that, after the notes became past due, the grantee remained in possession of the premises for a considerable time and until his death, show any act on the part of the grantor which constituted a waiver. The notes became long past due. Had the maker of the notes after they were past due tendered payment in whole or in part, whether it would have been accepted, we of course do not know. But the maker's long failure to pay his obligation cannot now be used to his advantage by asserting that his failure to pay has amounted to a waiver by the grantor in the bond for title of an original condition of his contract. As was said in *Hamilton* v. *England,* 95 *Ga.* 693, 698 (22 S. E.

697) : "It is a well-settled and universally recognized rule of law, that no man can profit by his own wrong; and that no man ought to be permitted to profit by a failure upon his own part to perform the obligations imposed upon him by the terms of an agreement to which he was himself a party, is a principle equally well founded both in law and morals."

*Judgment affirmed. All the Justices concur.*