34098.   JACKSON *v.* L. S. BROWN COMPANY.

Decided June 20, 1952.

*Cullen M. Ward, Alex McLennan,* for plaintiff in error.
*Douglas, Evans & Cole,* contra.

FELTON, J. The petition was subject to a general demurrer. The plaintiff alleged that time was of the essence in the contract and that the defendant was informed that it was imperative that the tent be erected not later than noon on Monday, October 29, 1951. As to the alleged breach the plaintiff averred: "Petitioner shows that as a result of the said defendant's failing and refusing to comply with this contract and its breach in failing to erect its tent on Monday, October 29, your petitioner was damaged in the sum of $18,750." Therefore, the breach com-

plained of was the breach of the time stipulation in the contract. Delay in the performance of a contract wherein time is made of the essence may be waived by the acceptance of the delayed performance. *King* v. *Lipsey,* 142 *Ga.* 832 (1) (83 S. E. 957); *Turner* v. *Chambers,* 160 *Ga.* 93, 98 (127 S. E. 610); *Eaton* v. *Harwood,* 198 *Ga.* 240, 244 (31 S. E. 2d, 473). "Notwithstanding time is of the essence of the contract, it may be waived, and a subsequent offer to fulfill the contract, and urging a compliance on the other side, instead of treating the contract as at an end, amounts to a waiver." *Jordan* v. *Rhodes,* 24 *Ga.* 478. In the instant case the alleged breach occurred when the tent was not erected by noon, Monday, October 29. After the breach occurred the plaintiff still insisted that the defendant perform the contract as evidenced by the allegation, "Petitioner shows that numerous demands were made on Monday and Tuesday of the defendant to carry out its contract and erect the said tent in order that the sale could be held to the best advantage, and that after many requests on the part of petitioner the defendant finally dispatched a tent with an insufficient crew of men to erect the same on Tuesday, October 30, at about the hour of midday noon." In *Alabama Construction Co.* v. *Continental Car &c. Co.,* 131 *Ga.* 365, 370, (62 S. E. 160), the court said: "If the party who is not in default, by his acts or conduct, induces the one who is in default, before performance has been had, to perform in a certain manner, generally he will be estopped from claiming damages; *or if the party not at fault leads the other to believe that he will not insist upon strict performance,* or requests the breach or renders performance impossible in the time or manner specified in the contract, he can not thereafter recover damages on account of a departure from strict compliance thus caused." (Emphasis supplied.) The plaintiff, after the breach and without any reservation of a claim for alleged damages caused by the breach, made "many requests" of the defendant to perform the contract by erecting the tent. We think this amounted to the plaintiff's leading the defendant to believe that strict compliance with the terms of the contract (the time provision) would not be insisted upon and amounted to a waiver of the delay. We recognize that *mere acceptance* of the performance of a contract wherein time is made of the essence after

the time for performance has passed does not always in itself amount to a waiver of the time provision of the contract (*Van Winkle & Co.* v. *Wilkins,* 81 *Ga.* 93, 104 (7), 7 S. E. 644), however, a different question is presented where, as here, performance is insisted upon after the default and knowledge thereof and where there is no reservation of a claim for alleged damages arising out of the delay in performance, and this is especially true where, as here, the alleged damages caused by the breach had not accrued at the time of the performance.

The court properly sustained the general demurrer and dismissed the action for another reason. The damages allegedly caused by the breach were not the proximate result of the breach. The plaintiff was under no legal duty to hold the sale and could have called it off at any time without incurring liability to the buyers. When the plaintiff ascertained that he was not getting a fair value for his cattle he could have withdrawn them from auction. An owner may withdraw his property from auction anytime before the hammer falls. Code, § 20-108; 5 Am. Jur., § 17, p. 455; 7 C. J. S., § 7d, p. 1253. We do not think the defendant could have reasonably contemplated that his breach of the time stipulation in the contract would cause the plaintiff to voluntarily sell his cattle at a price far below their fair value.

It is not necessary to rule on the exception to the judgment sustaining the special demurrers and striking the paragraphs of the petition demurred to.

The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*