## 57604. CASSVILLE-WHITE ASSOCIATES, LTD. et al. v. BARTOW ASSOCIATES, INC.

QUILLIAN, Presiding Judge.

This appeal by the defendant, Cassville-White Associates, is from a verdict for plaintiff, Bartow Associates, resulting from an alleged breach of a contract for sale of realty. The entire facts of this case are quite convoluted and are unnecessary for understanding the issues. Cassville-White sold approximately 235 acres of land through a contract of sale, which eventually was deeded to the plaintiff Bartow Associates. The contract of sale and an amendment to the original contract provided for a cash down payment of $134,919.60 and release of 61.32 acres at closing — at a release price of $2,200 per acre. However, at closing the purchasers were not ready to designate which 61.32 acres they desired and a "Release Agreement" was executed between the parties which acknowledged "receipt of $134,919.60" and because the "purchasers are not presently desirous of designating property to be so released, it is therefore understood and agreed that purchasers are entitled to the release of 61.32 acres without further payment and undersigned [Cassville-White] agrees to execute and deliver a Quit-Claim Deed releasing said acreage *when called upon by purchaser.*" (Emphasis supplied.) After taking a warranty deed from Cassville-White plaintiffs executed a promissory note for $106,371.49 and a Deed to Secure Debt which provided: "Grantor [plaintiff] shall be entitled to releases from Grantee [defendant Cassville-White] by Quit-Claim Deed in recordable form upon written request of the Grantor [plaintiff] and upon payment by the Grantor [plaintiff] to the Grantee [Cassville-White] of Two Thousand Two Hundred and No/100 DOLLARS for each acre . . . sought to be released . . ." The deed to secure debt did not reflect that 61.32 acres had been paid for but not selected under the release provisions. The promissory note and the deed to secure debt were to run for a period of approximately six (6) years from September 28, 1973 to "31 August 1979." In accordance with the "Release Agreement" executed at closing, no acreage was selected or released at closing.

Before plaintiffs made a selection of acreage under the contract of sale and release agreement, they were notified by the attorney for a "Bartow 232 Group" that they had purchased plaintiffs' note and deed to secure debt executed by them to Cassville-White. Bartow 232 was not aware that there was a "Release Agreement" which provided for 61.32 acres to be released for money already paid. Inquiry by plaintiffs of Cassville-White directed plaintiffs to send their request for release of the 61.32 acres to Bartow 232. Upon presentation of the release and all required papers, Bartow 232 Group refused to release the acreage. Plaintiffs brought this action for damages — not specific performance, and the trial court directed a verdict for the plaintiffs as to liability, denied defendant's motion for directed verdict and for judgment n.o.v., and submitted the issue of damages to the jury. Defendants bring this appeal. The amount of the jury verdict is not in issue. *Held:*

1. Cassville-White alleges the trial court erred in failing to grant their motion for directed verdict and judgment n.o.v., "because appellee [Bartow Associates] was in default both at the time it required performance and at the time it filed suit and such default prevents the trial court's implicit equitable reformation of the deed to secure debt." We do not agree.

Defendant contends *Jordan v. Flynt,* 240 Ga. 359 (240 SE2d 858) "necessitates . . . reversal." *Jordan* involved a sale of land by a sales contract release and a deed with release provisions. However, the plaintiff therein filed an action "seeking specific performance of the release provisions" which falls within the equity jurisdiction of the Supreme Court. In the instant case the plaintiff sought damages for breach of a sales contract, which falls within the jurisdiction of this court. The Supreme Court noted, in *Jordan,* "if the trial court should determine on remand that the appellant is not entitled to specific performance, he may still be entitled to damages at law for a breach of the release provisions of the security deed by the appellee . . ." Id. at 367. Thus *Jordan* is decisive, but it holds only that "the decree of specific performance was improper since the plaintiff was in default at the time suit was filed . . ." Id. at 364. Specific

performance was not sought in the instant case. Damages were sought. *Jordan* also holds that damages may properly be sought for breach of contract provisions regarding release of property.

Defendant also argues that the contract for sale, the amendment to that contract, and the "Release Agreement," merged into the Deed to Secure Debt, and its provisions control. We do not agree for a number of reasons. First merger was not enumerated as an issue in the enumerations of error. This court has no jurisdiction to consider grounds argued in the brief which are not enumerated as error. *Calhoun v. Patrick,* 116 Ga. App. 303 (157 SE2d 31).

Secondly, even if the "merger" issue was included within this enumeration, the defendant would not prevail. "An antecedent sales contract covering the purchase and sale of real property generally merges into a subsequent deed involving the same property. [Cit.] However, where 'it was contemplated by the parties that the subsequent execution of a deed pursuant to a written sales contract was only a part performance of the provisions of the antecedent sales contract and that certain obligations contained in the antecedent contract were to be performed by the defendant after the delivery of possession of the property and the warranty deed thereto and were to survive the execution of the deed, these duties and obligations were not necessarily merged in the deed.' " *Cullens v. Woodruff,* 137 Ga. App. 262 (1) (223 SE2d 293); *C & G Candler, Inc. v. Ga. Power Co.,* 138 Ga. App. 279, 280 (226 SE2d 87); *San Joi, Inc. v. Peek,* 140 Ga. App. 397, 398-399 (231 SE2d 145); *Carson v. Parks,* 141 Ga. App. 466, 468 (233 SE2d 857); Pindar, Ga. Real Estate Law 676, § 19-146; see also Annots. 38 ALR2d 1310, 1324, §§ 6, 7; 52 ALR2d 647, 651. In the instant case the "Release Agreement" was collateral to the deed to secure debt, and was to be performed by the plaintiff and defendant in the future, and was not inconsistent with any covenant within the deed. It did not merge with the deed.

2. Defendant charges the trial court erred in refusing their motions for directed verdict and judgment n.o.v. "because appellants never refused to execute a

quitclaim deed to appellee." The evidence of the plaintiffs showed that the intent of the parties was to release defendant's interest in the 61.32 acres to the plaintiff "when called upon by the purchaser." However, it is apparent that defendant could pass no interest in the 61.32 acres to the plaintiffs as they had already transferred whatever interest they possessed to the Bartow 232 Group. See Pindar, Ga. Real Estate Law 613, § 19-20. Thus, a quitclaim deed from the defendant, after they had transferred their interest in all of the property, would not comply with the prior sales contract or the release agreement. And the law does not require the doing of a vain and useless act. *Irvin v. Locke,* 200 Ga. 675, 679 (38 SE2d 289). This enumeration is without merit.

3. The third enumeration alleges the " 'release agreement' [a] was too vague and indefinite to constitute a valid contract and [b] was without consideration."

(a) Defendant's argument infers that the "Release Agreement" itself must possess all of the essentials of a contract. This is an incorrect inference. It is not essential that a contract be contained in a single document. *Horne & Ponder v. O. B. & E. J. Evans,* 31 Ga. App. 370 (2) (120 SE 787); *Cocke v. Bank of Dawson,* 180 Ga. 714, 718 (180 SE 711). Binding contracts may consist of several writings — provided there is no conflict between the various parts. See 17 CJS 727-728, Contracts, § 58; 17 AmJur2d 407, Contracts, § 67. Thus defendant's argument that the release agreement itself does not possess all of the essentials of a contract is without merit.

Neither do we find the release agreement to be vague, indefinite, or ambiguous. The existence or non-existence of ambiguity in a contract is a question of law for the court. *Stone Mountain &c. R. v. Stone Mountain &c. Assn.,* 230 Ga. 800, 810 (199 SE2d 216). And if there were any ambiguities reference may be had to other related instruments to explain such ambiguity. *Horne & Ponder v. O. B. & E. J. Evans,* 31 Ga. App. 370 (1), supra; *Parrish v. Waters,* 113 Ga. App. 593, 595 (149 SE2d 179). With reference to the contract for sale and its amendment we find all essentials of a contract are present. See Code Ann. § 20-107 (Code § 20-107). There is certainty as to

subject matter and quantity, compensation, parties and terms. As to time for performance — see Division 4, infra. The trial court found no uncertainty or indefiniteness and neither do we.

(b) Defendant contends the release agreement was "without consideration." The release agreement was part and parcel of the contract of sale and its amendment and was executed at the same time as the deed to secure debt which was also provided for in the contract sale. The agreement itself recites the consideration to be paid: "$2,200" per acre released, and acknowledges "receipt of $134,919.60 paid at closing by Bartow Associates . . ." This enumeration is specious.

4. The last enumerated error alleges the plaintiff did not perform under the release agreement within a reasonable time "as required by Georgia law." We disagree.

No time was specified for performance. This omission is not fatal. *Whitley v. Patrick,* 226 Ga. 87 (4) (172 SE2d 692). "Time is not generally of the essence of a contract; but, by express stipulation or reasonable construction, it may become so." Code Ann. § 20-704 (9) (Ga. L. 1964, pp. 414, 415). Thus, where no time is specified for performance, the presumption is that the parties intended that performance occur within a reasonable time. *Wolf v. Arant,* 88 Ga. App. 568, 571 (77 SE2d 116).

However, with land as the subject matter of a contract our Supreme Court has repeatedly held: " 'But generally time is not of the essence of contracts for the sale of land; for such a construction would result in enforcing a penalty "which equity abhors and the law does not favor"; and interest will generally be treated as full compensation for the delay.' And the rule may now be regarded as well settled in this State that in all cases, in order for time to be treated as of essence of a contract for the sale of land, it should clearly appear therefrom that such was the intention of the parties; as, for example, by a provision that the agreement shall be void unless the act named be completed by a certain day, or by other equivalent expression." *Mangum v. Jones,* 205 Ga. 661, 667 (54 SE2d 603). Where such language is missing, this court has held that time is not of the essence of the

contract (*Padgett v. Bryant,* 121 Ga. App. 807, 811 (175 SE2d 884)), for courts ordinarily lean against such a construction (*Eaton v. Harwood,* 198 Ga. 240, 244 (31 SE2d 473)) — particularly where one side has performed. See 17 AmJur2d 415, Contracts, § 76.

In the instant case it is clear that the purpose of the release agreement was to postpone the time of selection of the 61.32 acres until "called upon by [the] purchaser." The extension was from September 28, 1973 until March, 1975 — approximately 18 months. Was the length of this delay of unreasonable duration? We find it was not. The defendant specifically contracted for the delay until "called upon by the purchaser." The length of the note — in partial payment of the purchase price, and the deed to secure debt was six years. And, the deed to secure debt provided that the purchaser "shall be entitled to releases from Grantee . . . upon written request . . . [of] such parcels of land . . ." — presumably throughout the life of the contract, until the total purchase price was paid. Thus, it was the intent of both parties that the selection and release of acreage from the whole was to continue throughout the life of the contract. Accordingly, where the contract is executory for a period of six years, and designation and release of acreage is to continue for the life of the contract, we do not find the designation of the first parcel to be unreasonable after a period of approximately eighteen months. This enumeration is without merit.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

Argued April 4, 1979 — Decided June 7, 1979 —
Rehearing denied July 6, 1979 —

*Parker, Johnson & Cook, Terrill A. Parker, Kirk W. Watkins, G. William Long, III,* for appellants.
*Greene, Smith & Davis, Laurie C. Davis,* for appellee.